# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RANDAL N. ROWSEY,**

      **Plaintiff,**

**-vs-**                **Case No. 6:05-cv-629-Orl-31DAB**

**MARYANNE MORSE, Clerk of the
Seminole County Courts,**

      **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **APPLICATION TO PROCEED IN FORMA PAUPERIS (Doc. No. 1)**
>
> **FILED:**    **April 27, 2005**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

   In reviewing an application to proceed *in forma pauperis*, the Court may dismiss the case or refuse to permit it to continue without payment of fees "if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d) (1988). In this action, Plaintiff seeks to recover $1,000,000 in damages from the Clerk of the Circuit Court for Seminole County, Maryanne Morse, for her alleged failure to waive Plaintiff's filing fees for unspecified litigation he attempted to file in Seminole County court. A court clerk, however, is entitled to immunity when sued for damages involving acts

done within her official quasi-judicial capacity. *Sirbaugh v. Young*, 25 Fed. Appx. 266, 268 (6th Cir. 2001) (affirming dismissal of claims against state judges and court clerks who declined to waive the appellate filing fee in pro se plaintiff's divorce case). Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune. *Scruggs v. Moellering,* 870 F.2d 376 (7th Cir. 1989). Plaintiff may appeal the denial of the waiver of the filing fee to the circuit court.

Indigent persons are entitled to proceed without payment of the filing fee pursuant to Florida Statute:

> Any indigent person . . . who is a party or intervenor in any judicial . . . proceeding or who initiates such proceeding shall receive the service of the courts, sheriffs, and clerks, with respect to such proceedings, despite his or her present inability to pay for these services.

Fla. Stat. § 57.081(1). When an affidavit of indigency is submitted, the clerk of court is to issue the certificate, provided the applicant's affidavit shows on its face that the applicant is indigent and unable to pay the charges described. 12 Fla. Jur. 2d Costs § 54. If the court clerk refuses to issue a certificate of indigency, the applicant is entitled to a review of the application for the certificate by the court having jurisdiction of the cause of action. *Id*. (citing Fla. Stat. § 57.081).

As the actions complained of here are done within the county clerk's official capacity in collecting the fees as set forth by Florida Statute, the Circuit Court Clerk is immune, and the Complaint fails to state a cognizable claim. The action is therefore "frivolous" within the meaning of § 1915(d).

Plaintiff's remedy, if any, is to pursue review of the Clerk's denial of his attempt to proceed without paying the filing fee in the state system. It is respectfully recommended that Plaintiff's

application be **DENIED** and that the action be **DISMISSED** if Plaintiff fails to pay the required filing fee within 11 days from the date of any Order adopting or affirming this Report and Recommendation. Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE** and **ORDERED** in Orlando, Florida on April 29, 2005.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Hon. Gregory A. Presnell
Unrepresented Parties